UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KARSTEN KEELEN (#125690)
 (a/k/a KARSTON KEELEN)

VERSUS                                          CIVIL ACTION

SGT. TOLLIVER, ET AL                            NUMBER 11-2-BAJ-SCR


RULING ON MOTION FOR RECONSIDERATION

Before the court is the plaintiff's Motion for Reconsideration of Denial of Forma Pauperis by U.S. Magistrate Judge.  Record document number 5.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against all personnel employed at Louisiana State Penitentiary. Plaintiff alleged that he was subjected to an excessive use of force, was denied adequate medical and mental health treatment, was subjected to unconstitutional conditions of confinement and was denied due process in violation of his constitutional rights.

On January 5, 2011, the plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention, the plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.  Although § 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of

serious physical injury, the plaintiff's claims do not fall under the exception.

In his motion for reconsideration the plaintiff argued that his allegations that he was denied adequate medical treatment and mental health treatment are sufficient to trigger the imminent danger exception to the statute. Plaintiff's argument is not persuasive.

The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed in forma pauperis. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff's allegations do not support a determination that he is under imminent danger of serious physical injury from the alleged actions and inactions of the defendants. Plaintiff has failed to show that he should be allowed to proceed in forma pauperis under § 1915(g).

Accordingly, the plaintiff's motion for reconsideration of the order denying in forma pauperis status is denied.

Baton Rouge, Louisiana, January 20, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE